UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

McCOIE JONES and
ANDREA JONES, Individually and
as Next Best Friend of D.J., a
Minor Child,

    Plaintiffs,

v.

WAL-MART REAL ESTATE
BUSINESS TRUST d/b/a
WAL-MART STORES EAST LP,

    Defendant.

CIVIL ACTION NO.

1:06-CV-01383-MHS

**ORDER**

Presently before the Court are defendant's motion to remand to state court and plaintiffs' motion to amend. For the reasons set forth below, the Court denies defendant's motion and grants plaintiffs' motion.

Background

On May 4, 2006, plaintiffs, McCoie Jones and Andrea Jones, as next best friend of D.J., a minor, filed a personal injury suit in the State Court of Cobb County against defendant Wal-Mart Stores, Inc. Plaintiffs alleged that on

December 7, 2005, D.J. was at a Wal-Mart store with his grandmother when a display shelf collapsed striking him causing him physical injury. Plaintiffs prayed for actual damages in an amount that the jury may determine, but not less than $20,000; general damages in an amount that the jury may determine, but not less than $50,000; and future general damages for future pain and suffering and future medical expenses in an amount that the jury may determine, but not less than $25,000.

On June 8, 2006, defendant removed the case to this Court. In the notice of removal, defendant stated that the Court had diversity jurisdiction because complete diversity of citizenship existed. Defendant also stated that the amount in controversy, exclusive of interests and costs, exceeded $75,000 because plaintiffs claimed physical injury; possible physical disfigurement; past, present, and future pain and suffering; past, present, and future pain and damages; and plaintiffs sought not less than $95,000 in damages.

In the parties' Joint Preliminary Report and Discovery Plan, plaintiffs stated that they did not feel this was a case for federal jurisdiction but that defendant was now estopped from any objections to jurisdiction or venue because defendant had

2

removed the case. Defendant did not object to the Court's jurisdiction. On July 25, 2006, plaintiffs also amended their complaint to identify themselves individually as well as the next best friend of D.J., and to add a claim for recovery of medical expenses to bring their total claim to at least $100,000 in damages.

Defendant has now filed a motion to remand the case back to state court, and plaintiffs oppose the remand.

Discussion

In support of its motion to remand, defendant argues that after conducting a limited amount of discovery, defendant has learned that federal court jurisdiction was not proper on the date of removal because plaintiffs cannot assert a good faith claim to satisfy the minimum amount in controversy for diversity jurisdiction. Defendant contends that plaintiffs' actual damages of $2,035.43 are not sufficient to meet the amount in controversy requirement. Therefore, defendant avers that jurisdiction was not proper at the time of removal and the Court should remand the case to state court.

Plaintiffs argue in response that defendant is now estopped from challenging jurisdiction and that defendant should not be permitted to delay this case after plaintiffs have incurred expenses related to federal litigation. Plaintiffs argue that D.J.'s pain and suffering is continuing to grow and that the Court nor defendant can definitely say that plaintiffs claims will be less than $75,000 with any reasonable degree of certainty. In addition, plaintiffs note that defendant admitted the amount of controversy was sufficient in its removal notice and that defendant did not object to jurisdiction in the Joint Preliminary Report and Discovery Plan.

Pursuant to 28 U.S.C. § 1447(c), the Court shall remand the case if it appears that it lacks subject matter jurisdiction. The parties may not waive a jurisdictional defect, and the Court has an independent obligation to inquire into jurisdiction whenever jurisdictional infirmity may exist. Harris v. United States, 149 F.3d 1304, 1308 (11th Cir. 1998). In deciding whether to remand, the Court must determine whether it had subject matter jurisdiction at the time of removal. Poore v. American-Amicable Life Ins. Co. of Tex., 218 F.3d 1287, 1290-91 (11th Cir. 2000). In order to determine the amount in controversy on removal, the Court will first look to the complaint to determine the amount of claimed damages.

4

Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319 (11th Cir. 2001). Removal is proper if is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement. Id. If the jurisdictional amount is not facially apparent from the complaint, the Court should then look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed. Id.

In this case, plaintiffs' complaint claimed damages of at least $95,000. Therefore, it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement. See id. In light of the amount of the specified damages plaintiffs seek, it does not appear to a legal certainty that plaintiffs cannot recover the amount claimed. See Mitchell v. Brown & Williamson Tobacco Co., 294 F.3d 1309, 1315 (11th Cir. 2002). Furthermore, because plaintiffs instituted this case in state court, there is a strong presumption that they have not claimed a large amount in order to confer jurisdiction on this Court. See id.

Defendant argues that nothing prohibits it from seeking a remand after learning through discovery that plaintiffs' maximum claim is much less than the

amount in controversy. Defendant further argues that doctor's records and the nature and extent of plaintiffs' injuries demonstrate to a legal certainty that plaintiffs' did not assert the amount in controversy in good faith. Defendant contends that while it was entitled to rely on plaintiffs' complaint in removing the case, it now appears that plaintiffs cannot recover the jurisdictional amount to a legal certainty. Therefore, plaintiffs' claim does not meet the standard of objective good faith.

Contrary to defendant's arguments, the Court need not look to discovery evidence in resolving this issue because the amount of specified damages plaintiffs seek is facially apparent from the complaint. Williams, 269 F.3d at 1319 (instructing district courts that they *may* require evidence relevant to the amount in controversy at the time the case was removed *if* the jurisdictional amount is not facially apparent from the complaint) (emphasis added). Moreover, the Eleventh Circuit instructs district courts to look to evidence at the time the case was removed. Id. The evidence provided by defendant in support of its motion was not available at the time the case was removed. The Eleventh Circuit has also made clear that "events occurring after removal which may reduce the damages recoverable below the amount in controversy requirement do not oust the district

court's jurisdiction." Poore, 218 F.3d at 1291; see also Leonard v. Enterprise Rent A Car, 279 F.3d 967, 972 (11th Cir. 2002). Jurisdiction was proper at the time of removal, and therefore, subsequent events, even the loss of the required amount in controversy, cannot divest the Court of jurisdiction.

The cases relied on by defendant for its argument that it now appears to a legal certainty that plaintiffs cannot recover the jurisdictional amount are also distinguishable. For example, in Amn. Mut. Liab. Ins. Co. v. Campbell Lumber Mfg. Corp., the plaintiff commenced the suit in federal court, it was before the Court on defendant's motion to dismiss, and the plaintiff conceded that his claim was for substantially less than the jurisdictional amount. 329 F. Supp. 1283, 1286 (N.D. Ga. 1971). In this case, plaintiffs commenced this suit in state court, it is before the Court on a motion to remand, not a motion to dismiss, and plaintiffs have not conceded that their claims are below the jurisdictional amount. In fact, plaintiffs have amended their complaint since removal to assert claims for a greater amount of damages than in the original complaint. See also Swafford v. Transit Cas. Co., 486 F. Supp. 175, 177 (N.D. Ga. 1980) (it did not appear to a legal certainty that the plaintiff could recover less than the jurisdictional minimum where he conceded that his insurance claim was for less than the requisite amount

7

but he could not delete his punitive damages claim to divest the court of jurisdiction).

Defendant contends that plaintiffs have overestimated the amount in controversy in the complaint. However, plaintiffs' claim, "when it is specific and in a pleading signed by a lawyer, deserves deference and a presumption of truth." Burns v. Windsor Ins. Co, 31 F.3d 1092, 1095 (11th Cir. 1994). The Court will not second guess the value plaintiffs' counsel has placed on the case.

This is a somewhat unusual situation in that plaintiffs originally sought to be in state court and now wish to remain in federal court while defendant sought to be in federal court and now wants to return to state court. Plaintiffs are still the master of their own claims. Id. From the face of the complaint, plaintiffs could have originally brought this suit in federal court. The Court finds that plaintiffs' claims for $95,000 at the time of removal are sufficient to meet the jurisdictional amount in controversy, and therefore the Court will not remand this case to state court.

AO 72A
(Rev.8/82)

Finally, plaintiffs have moved to amend the complaint to remove any reference to Andrea Jones. Co-plaintiff Andrea Jones was the husband of McCoie Jones and the mother of D.J. Andrea Jones was killed in an accident on September 17, 2006. The Court recognizes that McCoie Jones is the surviving parent of D.J. and is the proper party to continue this suit, as the plaintiff individually and the next best friend of D.J.

Conclusion

For the foregoing reasons, the Court DENIES defendant's motion to remand [#22]; GRANTS plaintiffs' second unopposed motion to amend [#30]; and DIRECTS the Clerk to remove any reference to Andrea Jones in the caption of this case and substitute McCoie Jones as the individual plaintiff and the next best friend of D.J., the minor child.

IT IS SO ORDERED, this 31st day of October, 2006.

Marvin H. Shoob, Senior Judge
United States District Court
Northern District of Georgia